**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WARREN SAPP,** **CASE NO.: 8:26-cv-2876-TPB-CPT**

**Plaintiff,**

**vs.**

**CITY OF TAMPA,**

**Defendant.**

______________________________________/

# DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW

Defendant, **CITY OF TAMPA** ("City")**,** by and through the undersigned attorney, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01, files this Motion to Dismiss Plaintiff's *Complaint* [Dkt. #1] and state:

(1) Plaintiff, Warren Sapp ("Sapp"), has filed suit under 42 U.S.C. §1983, alleging violations of his First Amendment rights.

(2) Plaintiff alleges that on September 17, 2026, he entered Tampa City Hall while it was conducting a public meeting [Dkt. # 1, ¶¶10, 13].

(3) Plaintiff alleges that he went into an office located near the City Council chambers [Dkt. # 1, ¶16].

(4) Thereafter, City Council Chair, Alan Clendenin, interrupted the governmental proceeding occurring in City Council chambers and the

City determined that Plaintiff was "out of order" due to having caused a disturbance. [Dkt. #1, ¶¶20, 24, 35].

(5) Plaintiff was not arrested; however, he was trespassed for the remainder of the day. [Dkt. #1, ¶¶17, 26, 31].

(6) On September 23, 2026, Plaintiff filed his 1-count *Complaint* which alleges "First Amendment Retaliation."

(7) In summary fashion, Plaintiff alleges that "[t]he City retaliated against Plaintiff for the exercise of rights protected by the First Amendment, by using municipal authority to exclude him from City Hall and to interfere with his access to local government." [Dkt. #1, pg. 9].

(8) According to Plaintiff, at the time that he was trespassed for the day from City Hall, he was engaged in activity protected by the First Amendments, including:

a. Accessing his local government;
b. Seeking governmental paperwork and information;
c. Engaging in expressive conduct; and
d. Exercising or attempting to exercise his right to observe, interact with, and petition municipal government.

[Dkt. #1, ¶70].

(9) Plaintiff seeks declaratory relief, compensatory damages, nominal damages, attorneys' fees and costs, as well as, pre-judgment and post-judgment interest.

## MEMORANDUM OF LAW

The "touchstone of [a] §1983 action against a government body is an allegation that official policy is responsible for a deprivation of civil rights protected by the Constitution. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). For §1983 liability to attach to a municipality, "a plaintiff must show (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Here, the Court should dismiss the *Complaint* (Count I – "42 U.S.C. § 1983 – First Amendment Retaliation") because Plaintiff has not alleged that a municipal policy, custom, or practice was the moving force resulting in the alleged deprivation of his First Amendment rights.

### I. Standard of Review

When considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *Hill v. White*, 321 F. 3d 1334, 1335 (11th Cir 2003)*; Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank,* 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In order to survive a motion to dismiss, a complaint must contain sufficient factual allegations which, when taken as true, "state a claim to relief that is plausible on its face". *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the *mere possibility* of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief." *Id* at 679 (Emphasis added). In other words, the factual allegations must be substantial enough to raise the right to relief above the speculative level. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

## II. Plaintiff Fails to State a Cause of Action under 42 U.S.C. § 1983, for First Amendment Retaliation – No Protected Speech.

Plaintiff alleges that on September 17, 2026, he entered an office near

City Council chambers in City Hall. Plaintiff further alleges that he was present at this office to "obtain paperwork." [Dkt. #1, ¶15]. According to the *Complaint*, the City Council Chair, Alan Clendenin, interrupted the City Council meeting in chambers, directed that the doors to City Council chambers be locked, and determined that Plaintiff was "out of order" for having caused disturbance. [Dkt. #1, ¶¶13, and 18-26]. Thereafter, Plaintiff was ordered to leave City Hall and was trespassed from the building for the remainder of the day. [*Id.*].

Although Plaintiff alleges an infringement of his First Amendment rights, he does not set forth any facts to suggest that he was engaged in any "speech" at all. Indeed, Plaintiff alleges that he was present, but he does not allege that he was saying or communicating anything in the room adjacent to City Council. In other words, Plaintiff does not set forth sufficient facts to establish that he was engaged in protected speech.

Moreover, Plaintiff does not set forth facts to suggest that City Council or its Chair were aware of anything more than (ultimately) his disruptive behavior, and he certainly does not set forth facts to establish that anyone in the adjacent City Council chambers was aware of his "speech." Importantly, the office *near* City Council chambers is not a public forum for speech, such as a sidewalk or a park. Under these facts, Plaintiff has not sufficiently alleged that he was engaged in "speech" or that any decision maker was made aware

of his specific "speech" such that there was a desire to retaliate against it. Therefore, Plaintiff has failed to allege a violation of his First Amendment rights, and his *Complaint* is due to be dismissed. *See, McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

**III. Plaintiff Fails to State a Cause of Action under 42 U.S.C. § 1983, for First Amendment Retaliation – No "Moving Force" Policy.**

Plaintiff does not point to a custom or policy or a causal relationship between the custom or policy and the infringement upon a protected right (i.e. his First Amendment Right to Free Speech).

In order to establish a *prima facie* case, Plaintiff must identify an official custom or policy. A plaintiff can establish a policy or custom by identifying a deprivation of constitutional rights "by either an express policy or a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom and usage with the force of law." *Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). But in any case, the policy or custom must have been the "moving force of the constitutional violation." *Young v. City of Augusta*, 59 F.3d 1160, 1171 (11th Cir. 1995) (quoting *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820 (1985)).

If Plaintiff fails to specifically identify an actual official custom or policy, his *Complaint* is subject to dismissal because a policy is an element of the claim

necessary for municipal liability. *See, Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Here, Plaintiff does not point to a custom or policy which was the moving force behind his 1-day trespass from City Hall. At best, Plaintiff references (but does not attach) City Council's Rules of Procedures. [Dkt. #1, ¶¶ 12 and 35]. Rule 5 of the City Council's Rules of Procedure, entitled "Public Participation and Rules of Decorum," [1] provides that:

> F. Speakers shall ***refrain from disruptive behavior***, including making vulgar or threatening remarks, and shall refrain from making personal attacks against any city official, city staff member, or member of the public. Comments shall be directed to the Council as a body and not to individual Council members.
>
> G. ***No one*** present during a Council meeting ***shall engage in disruptive behavior***, including intentionally making or causing to be made any disruptive sound or noise, or displaying signs or graphics in a manner disruptive to the proceedings.
>
> H. The ***Chair shall rule out of order*** any member of the public who shall speak without being recognized or who shall not address Council from the podium or other established speaker area. No person shall approach the dais of the City Council during meetings except Council members and employees of the City, unless invited by a member of Council.
>
> I. All persons shall at all times conduct themselves in accordance with Council rules. Persons failing to do so shall be ruled out

[1] The Defendant does not intend to convert this motion to one for summary judgment but merely requests that this Court take judicial notice of the Tampa City Council's Rules of Procedure, which is not subject to reasonable dispute and happens to be a public record. *Marko Capital of America, Inc. v. UBS AG*, 372 F. Supp. 2d 623, 627 (S.D. Fla. 2005)(citing *Bryant v. Avado Brands, Inc.*, 187 F. 3d 1271, 1279-80 (11th Cir. 1999); *Broward Garden Tenants Ass'n v. E.P.A.*, 157 F. Supp. 2d 1329, 1335 n. 8 (S.D. Fla. 2001); *see also, Universal Express, Inc. v. SEC, No*. 05-1314, 2006 WL 1004381, 1-2 (11th Cir. 2006).

> of order and ***may be directed at the discretion of the Chair to be removed from the Council Chamber***. Such person shall not thereafter be readmitted to the Council Chamber or City Hall ***during the remainder of that day's meeting.***

[Exhibit "A" *City Council, Rules of Procedure,* at Rule 5(F)-(I)(Emphasis added)].

As indicated above, during Council meetings, public speakers at City Council "shall refrain from disruptive behavior." Failure to adhere to this rule, will result in the individual being ruled "out of order." Although Plaintiff does not and cannot allege facts setting forth how his presence in the room adjacent to City Council chambers came to be perceived by the members of City Council while they were actively in session, the only *reasonable* inference that can be made is that whatever activity Plaintiff was engaged in was sufficient to come to City Council's attention and, in fact, did cause a disruption of their proceeding.

As a practical matter, the nearby office was ***not*** a traditional public forum for "speech." Indeed, even City Council chambers provides individuals with a limited public forum because speakers are admonished to refrain from disruptive behavior or face being ruled out of order and removed from City Hall for the "remainder of that day's meeting," and there are rules regarding when and how individuals can be recognized to present their "speech." For example, Rule 5(A) and 5(B) of the City Council's Rules of Procedure provides that,

> A. Members of the public shall be given a reasonable opportunity to be heard at a time before City Council takes final official action on a matter and shall adhere to all time limitations that may apply. Each member of the public shall be afforded three minutes unless time limits are otherwise established…
>
> B. However, for matters which are not set for a public hearing, Rule 5(B) provides that members of the public "shall each submit a speaker card prior to General Public Comment, clearly identifying themselves by name for the record. The process shall give preference to those speaking on agenda items and permit the Chair to know the number of speakers in advance. Each person will be recognized by name to approach and given three minutes to speak."

[Exhibit "A," *City Council, Rules of Procedure,* at Rule 5(A)-(B)]. Clearly, the City Council's Rules of Procedure are reasonable, viewpoint neutral, and cannot constitute an express policy in support of a claim for First Amendment Retaliation.

To the extent that Plaintiff suggests that City Council or its chair was the final policymaker as to some *other* municipal policy, custom, or practice besides City Council's Rules of Procedure – Plaintiff has failed to identify that policy. This failure to identify a municipal policy, custom or practice is fatal to his claim because it is tantamount to an invitation for this Court to permit municipal liability pursuant to *respondeat superior*, which would be in violation of *Monell*. *Id.* at 694-695; *see also, City of Canton v. Harris*, 489 U.S. 378 (1989)(finding that *Monell's* rule that a city is not liable under §1983 unless a municipal policy causes deprivation will not be satisfied by merely alleging

that [some decision] represents a policy for which the city is responsible).

Finally, because Plaintiff has not identified a municipal policy, custom, or practice, he also has failed to allege sufficient facts to establish that a municipal policy was the moving force behind his removal from City Hall. For example, Plaintiff was required to plead facts showing how City Council's rule prohibiting disruptive behavior (or some other rule) was the moving force behind his alleged loss of a constitutional right.[2] The City, like any other governmental entity, "has the power to preserve the property under its control for the use to which it is lawfully dedicated." *Adderley v. State of Florida*, 385 U.S. 39, 47 (1967). Moreover, "the First Amendment does not guarantee access to property simply because it is owned or controlled by the government." *U.S. Postal Service v. Council of Greenburgh Civic Associations*, 453 U.S. 114, 129 (1981). Thus, Plaintiff's failure to allege facts to support that any municipal policy was the moving force behind the alleged violation of his constitutional rights requires dismissal of his *Complaint*.

## IV. Plaintiff Fails to State a Cause of Action under 42 U.S.C. § 1983, for First Amendment Retaliation – Failure to establish a claim for relief that is plausible on its face.

---

[2] Importantly, City Council's Rules of Procedure are very narrowly tailored to maintain decorum and do not vest City Council or its Chair with the authority to remove a person causing a disruption from any other City building, nor does it vest either with the authority to exclude such a person for more than "the remainder of that day's meeting." [Exhibit "A," at Rule (5)(I)].

As stated above, Plaintiff is required to "state a claim to relief that is plausible on its face." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the " plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief." *Id* at 679.

Here, Plaintiff has failed to allege facts that are substantial enough to raise the right to relief above the speculative level. The pleading deficiencies identified above are that Plaintiff has: (1) failed to allege that he was engaged in protected speech; (2) failed to identify a municipal policy; and (3) failed to sufficiently allege that such municipal policy was the moving force behind the deprivation of a constitutional right. Based upon these deficiencies, Plaintiff's claim for relief does not rise above the level of speculation and his *Complaint* must be dismissed. *See, Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

## III. At a Minimum, a More Definite Statement is Required.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Compliance with this rule is imperative to any defendant's ability to investigate, understand, and **defend** itself against the claims against it. However, in the instant case, Plaintiff's *Complaint* is comprised of conclusory

allegations that the Defendant retaliated against him for exercising his First Amendment without identifying the municipal policy that would make the City liable under *Monell*.

The *Complaint* establishes that at all relevant times, Plaintiff retained the ability to access the City of Tampa. Plaintiff was removed solely from the City Hall building. However, what he couldn't do is create a disturbance right outside of City Council chambers without consequence.

Plaintiff's allegation that he was exercising his First Amendment rights by "seeking governmental paperwork and information," fails because the right to access public records in codified in state law at Florida Statute Chapter 119. As such, Plaintiff's right to public records is a statutory one, not a constitutional right under the First Amendment.

As plainly described by Plaintiff, he never entered City Council chambers where a public meeting was taking place. Instead, Plaintiff alleges that he entered an office located *near* City Council chambers when something about "Plaintiff's presence prompted an extraordinary response from City officials" causing an interruption of the governmental proceedings (to wit: a disturbance). [Dkt. #1, ¶¶16,19, 20]. However, engaging in expressive conduct does not authorize a citizen to create a disturbance as occurred in this instance.

Therefore, because the *Complaint* fails to state a proper causes of action and fails to set forth elements required for his claim, should this Court decline

to exercise its discretion to dismiss, at a minimum, the Defendant is entitled to a more definite statement from Plaintiff which will set forth the basis of his claims of municipal liability with clarity.

**WHEREFORE**, the Defendant requests that this Court grant the within *Motion to Dismiss*. Further, the Defendant requests that it be awarded such other relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), Defendant has conferred in good faith with Plaintiff on October 16, 2026, via telephone, and the relief sought by this motion is opposed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the undersigned attorney electronically filed the foregoing with the Clerk of the Court on this **16th** day of **October 2026**, using the CM/ECF system, will send a notice of electronic filing to the following: **Anthony F. Sabatini, Esq.** (anthony@sabatinilegal.com), and **Gavin B. Rollins, Esq.** (gavin@sabatinilegal.com), 1601 East 1st Avenue, Mount Dora, Florida 32757, *attorneys for Plaintiff*.

SCOTT STEADY
CITY ATTORNEY – CITY OF TAMPA

By: *Toyin K. Aina-Hargrett*
Toyin K. Aina-Hargrett
Senior Assistant City Attorney II
Florida Bar No. 0178950

5th Floor, City Hall
315 E. Kennedy Boulevard Tampa,
Florida 33602
Phone: (813) 274-8797
Fax: (813) 274-8809
*Attorney for Defendants*
Toyin.Aina-Hargrett@tampagov.net
Dernica.Amboise@tampagov.net