# TAMPA CITY COUNCIL

## Rules of Procedure

AMENDED AND RESTATED

By Resolution No. 2024-520 (June 6, 2024)

# Exhibit A

## RULES OF PROCEDURE

### RULE 1. OFFICERS AND DUTIES

A. OFFICERS

(1) Officers of the City Council shall be the Chair of the City Council and Chair pro tem. The Chair and Chair pro tem shall serve at the pleasure of the Council.

B. ELECTIONS

(1) City Council shall elect a Chair and Chair pro tem at the first regular meeting on or after May 1 of each year; however, in an election year, City Council shall hold an organizational meeting for this purpose on May 1 at a special call meeting immediately following certification of the election of City Council members and the taking of the oath of office.

(2) Separate elections shall be held for each officer of the City Council and the Community Redevelopment Agency.

(3) The City Clerk shall call the meeting to order and conduct the election. A majority vote of the entire Council shall elect.

C. DUTIES

(1) The Chair of the City Council shall preside over all meetings at which official action will be taken, and serve as administrative head of Council.

(2) The Chair shall appoint such standing and special committees as the Council shall deem necessary for the conduct of the affairs of the Council.

(3) In the absence or disqualification of the Chair of the Council, the Chair pro tem shall act as Chair; and, in the latter's absence or disqualification, the Acting Chair shall be the member who has most recently served as Chair; however, if no member has served as Chair, then the member who has most recently served as Chair pro tem; however, if no member has served as Chair or Chair pro tem, then the Finance Committee Chair.

### RULE 2. STANDING COMMITTEES

A. The Standing Committees of the City Council shall be appointed by the Chair and shall be as follows:

(1) <u>Public Safety Committee</u> (Tampa Police Department; Tampa Fire Rescue)

(2) <u>Neighborhood and Community Affairs Committee</u> (Parks and Recreation; Equal Business Opportunity; Neighborhood Enhancement; Code Enforcement; Community Engagement; Workforce Partnerships; Arts & Cultural Affairs)

(3) <u>Infrastructure Committee</u> (Water; Wastewater; Solid Waste; Contract Administration)

(4) <u>Finance Committee</u> (Revenue and Finance; Human Resources; City Attorney's Office; City Clerk; Technology and Innovation; Purchasing; Internal Audit; Mayor's Office; City Council)

(5) Development and Economic Opportunity Committee (Development and Growth Management; Housing and Community Development; Planning; Development Coordination; Construction Services; Historic Preservation; Real Estate)

(6) Mobility and Asset Management Committee (Transportation Engineering; Stormwater Engineering; Facilities; Fleet; Smart Mobility; Parking)

B. The Standing Committees shall consist of three members each; and the Chair of the Council shall be an ex officio member of all committees.

C. The Chair of the City Council shall name the Chair and members of each Standing Committee, after receiving appointment preferences from City Council members, at the second regular meeting after May 1 of each year.

D. Meetings of Standing Committees may be called by announcing the place, date and time of such meeting at a regular City Council meeting.

**RULE 3. MEETINGS**

A. All meetings where two or more City Council members are anticipated to be present to discuss city business shall be noticed and recorded in accordance with state law. All meetings of the Council shall be open to the public, except as provided by state law. The second Thursday of each month shall be reserved for the meeting of the Community Redevelopment Agency. Except for Emergency Meetings if necessary, City Council shall not meet during the week designated by Hillsborough County Schools as Spring Break, and the first and second weeks in the month of July. All scheduled meeting days are subject to calendar adjustments approved by City Council and maintained by the City Clerk.

B. REGULAR MEETINGS

(1) The City Council shall hold regular meetings in City Council Chambers, Third Floor, Old City Hall, 315 E. Kennedy Boulevard, Tampa, Florida, on the first and third Thursday of each month beginning at 9:00 a.m. for agenda items and other matters of public interest.

(2) The following order shall be observed in the transaction of business at a regular meeting:

a. Invocation and Pledge of Allegiance.
b. Roll Call and Adoption of Minutes.
c. Approval of the Agenda.
d. Commendations and/or Presentations.
e. General Public Comment. (Except public hearings).
f. Board and Administration Appointments.
g. Requests by the Public for Reconsideration of Legislative Matters.
h. Committee Reports / Consent Agenda.
i. Items Being Set for Public Hearings by Council Consent.
j. Public Hearings on Second Reading. (Set for 10 a.m.)
k. Petitions to Vacate and Public Hearings on Legislative Matters. (Set for 10:30 a.m.)
l. Public Hearings on Matters for Review. (Set for 1:30 p.m. Limit 2 per meeting.)
m. Ordinances Presented for First Reading Consideration.
n. Items Removed from Consent Agenda to Staff Reports.
o. Staff Reports and Unfinished Business.
p. Written Staff Reports. (To be received and filed without discussion.)
q. New Business and Information Reports by Council Members.
r. Receive and File, and Final Adjournment.

(3) Council district offices are encouraged to edit the length of the biography of the person invited to give the invocation to make it consistently succinct and uniform. District offices should inform the invitee of the preferred length of the invocation.

(4) Approval of the Agenda and Adoption of Minutes shall be by majority vote of the entire Council. Prior to adoption, Council may entertain additions, deletions, substitutions, requests of Council by city staff, and removal of items from the consent agenda for separate vote. No item shall be moved ahead of General Public Comment.

(5) Requests to walk on items are to be discouraged unless of great urgency. Such a request shall be accompanied by a memorandum setting forth the necessity of bypassing established procedures which otherwise provide the public and City Council with more notice and greater ability to review background material in advance of the meeting.

(6) A maximum of three commendations shall be scheduled on each regular meeting agenda (including Police, Fire & ATU). A maximum of one in-person commendation for other than Police, Fire & ATU (up to total of three) shall be set for each regular meeting. Time limits shall be established for each speaker and the total time allotted for each commendation item.

(7) City Council shall require a memorandum received in advance of a motion seeking an in-person commendation that is not related to City business, explaining the background of the person for whom the commendation is sought and why an in-person commendation is requested instead of being presented off-site. It is the preference of City Council that such commendations not related to City business are presented off-site.

(8) A Regular Meeting shall be limited to one presentation on the agenda under Commendations and/or Presentations. A presentation related to City business shall be limited to ten minutes. A presentation that is not related to City business shall be limited to five minutes.

(9) City Council shall require a memorandum received in advance of a motion seeking a presentation on a matter that is not related to City business, explaining the subject of the presentation, who will be presenting and why the presentation at the meeting is necessary.

(10) Only Council members asking to be recognized should be called upon to comment on a commendation or presentation.

(11) Time shall be allotted for General Public Comment, with each person given a reasonable opportunity, three minutes unless otherwise specified, to be heard on matters not scheduled for a public hearing. Preference shall be given to speakers in attendance in chambers followed by speakers appearing remotely.

(12) Requests by the Public for Reconsideration of Legislative Matters: Amendments to the City of Tampa's Comprehensive Plan, including text and map amendments, are not subject to reconsideration.

(13) Council members are encouraged to call staff before and after making a motion for a staff report to ask questions, get information, or seek a time frame for a response.

(14) Staff reports requesting City staff to appear shall be limited to seven (7) staff reports per meeting (excluding those within public hearings). This limit does not apply to items exceeding three million dollars which are required to be placed under Staff Reports rather

than the Consent Agenda. The first item under Staff Reports shall be reserved for Administration Update. Items requiring more time for discussion and deliberation shall be scheduled as workshops.

(15) Council members are encouraged to accept a written report in lieu of an appearance by staff when making a motion. All written staff reports specifically designated in the motion are to be received and filed with no discussion and are not counted toward the limit on presented staff reports for each agenda. If moved for discussion on the agenda in which it appears, a written staff report must be set for a future agenda and counted toward the staff report limit on the future date.

(16) Regular meetings may be scheduled for another day and time as may be designated by a majority vote of the Council. Such meetings, set to take action on time-sensitive matters, shall be designated as Special Call meetings.

C. EVENING MEETINGS

(1) The City Council shall hold evening meetings on selected Thursdays of every month beginning at 5:01 p.m. for public hearings on land use petitions and other land use matters. The agenda for such hearings shall be limited to thirteen petitions, unless waived by Council. Council may also schedule matters of public interest appropriate for evening meetings at a time immediately prior to land use petitions.

(2) For those evening land-use agenda items that are required to be rescheduled, continued, or set for reconsideration, Council shall schedule these items on a future evening agenda at the end of the agenda following new petitions, consistent with the limitations set forth above. At Council's discretion by majority vote, these cases may be placed on a future day agenda, if deemed appropriate and without hardship to interested parties.

(3) Additional evening meetings for public hearings may be scheduled for another day as may be designated by a majority vote of the City Council.

(4) Time-sensitive matters that cannot otherwise wait for the next Regular Meeting may be brought before City Council for official action at an evening meeting with prior approval of the Chair and proper notice.

D. WORKSHOPS

(1) A workshop shall be defined as a meeting of the City Council held generally on the fourth Thursday of each month beginning at 9:00 A.M. for a four-hour duration and concluding by 1:00 p.m., for the purpose of Council being informed on and discussing matters of special concern that require time in excess of that usually afforded for staff reports at a regular meeting.

(2) Such other days and times may be designated for workshops by a majority vote of the City Council. Workshops may also be scheduled within the agenda of a regular meeting.

(3) There shall be no ceremonial items (including commendations or presentations) at workshop meetings. No public comment will be taken at the start of the workshop meeting agenda.

(4) Public comment on the matter which is the subject of the workshop shall be taken, up to a total of thirty (30) minutes, at the end of each workshop agenda item; three (3) minutes per speaker. Only public comment on the subject of the agenda item shall be permitted. No

official action on the matter which is the subject of the workshop shall be taken during or after a workshop unless the public is afforded the opportunity to comment prior to action.

(5) When setting workshop agenda items, Council shall determine time limits for each item beginning at 9:00 a.m., and set the start time for each subsequent item accordingly, noting it on the workshop agenda. Time limits shall be determined and set for each presentation and/or each speaker. Council shall strictly limit the number of workshop items to that which can be completed within the time frame set, providing for additional time allowed for public comment.

(6) Any member of City Council may ask questions of any person present during the workshop.

E. SPECIAL DISCUSSION MEETINGS

(1) A special discussion meeting shall be held for the purpose of discussing a single issue of particular interest. It shall not be necessary as a condition of holding a special discussion meeting that four or more members of Council be present.

(2) Any member of Council may call a special discussion meeting for any date, time and place by motion and approval of the City Council at a regular meeting.

(3) No official action shall be taken, irrespective of whether a quorum is present.

F. EMERGENCY MEETINGS

(1) Emergency meetings of the Council may be called at any time by the Chair of the Council or, in the absence or disqualification of the Chair, the Chair pro tem; and shall be noticed and recorded in accordance with state law.

(2) Emergency meetings shall be held for matters of an urgent nature requiring immediate attention relating to the health, safety or welfare of the city, where postponement to a time of a regular meeting would result in serious injury or damage to the person, government, or the community directly concerned. No business shall be transacted at an emergency meeting except that specified in the call.

(3) Pursuant to the provisions of the City Charter, any ordinance presented at an emergency meeting shall contain a finding and declaration of the Council of the emergency and a two-thirds vote of the entire Council shall be required for adoption. No emergency ordinance shall be enacted which enacts or amends a land use plan or which rezones private real property.

G. REMOTE PARTICIPATION BY COUNCIL MEMBERS

(1) If a Council member is not able because of extraordinary circumstances, such as illness, that prevent a member from being physically present at a meeting where there is already a quorum, the Council member may be permitted to participate virtually by audio and video teleconferencing, utilizing communications media technology ("CMT") as defined by Florida Statutes and Rules as may be amended, by a vote of City Council at the public meeting prior to participation by the Council member making the request.

(2) Remote participation by a Council member using CMT shall be noted in the minutes. The member attending virtually must be both seen and heard to be considered present, and

able to see and hear the other meeting attendees. If a member is attending virtually, all motions shall be made by roll call vote.

**RULE 4. PARLIAMENTARY POLICIES**

A. Four Council members shall constitute a quorum. Four votes shall be required to effect official action on all matters coming before the Council, except where state law requires a supermajority. The ayes and nays shall be taken upon the passage of all ordinances or resolutions.

B. The roll shall be conducted by the Clerk upon any question whenever demanded by the Chair or two members of the Council, and the vote of each member shall be recorded in the minutes.

C. If a motion to approve, deny or continue an ordinance or a resolution of a legislative matter fails to receive at least four votes either in support or opposition, it shall automatically be brought before the Council at the next regular Council meeting as unfinished business.

D. Any time there is a need for reconsideration by Council and there is not a full Council present, the Council may continue reconsideration to the next regular meeting when there is a full Council present.

E. A motion to reconsider an action of the Council shall be made only by a member who previously voted on the prevailing side and shall be made only at the same meeting or at the first subsequent regular meeting. A second to the motion may be made by any member.

F. No Council member shall introduce a motion or speak to a subject under discussion without recognition by the Chair. A Council member shall not engage another Council member when another member has the floor, without first being recognized by the Chair. When more than one member requests recognition at the same time, the order of speakers will be decided as fairly as possible by the Chair.

G. Council members shall not interrupt a staff presentation and instead note the question or comment and hold it till recognized by the Chair during Q & A. Staff shall include natural stopping points for Q & A during presentations.

H. Council members shall limit time for discussion and debate on an agenda item to no longer than five minutes on the first go-round, three minutes on the second go-round. Council members should not be recognized by the Chair to speak the second time if another member who has not spoken to the question desires the floor, and should refrain from speaking more than twice on the same subject at the same meeting.

I. The Chair shall decide all questions of procedure and order, and the decision shall stand unless reversed by a majority vote of the entire Council.

J. Robert's Rules of Order Newly Revised shall govern the proceedings of the City Council in all cases not provided for in these Rules of Procedure.

**RULE 5. PUBLIC PARTICIPATION AND RULES OF DECORUM**

A. Members of the public shall be given a reasonable opportunity to be heard at a time before City Council takes final official action on a matter and shall adhere to all time limitations that may apply. Each member of the public shall be afforded three minutes unless time limits are otherwise established in these Rules or modified by the Council at the meeting then in session.

B. Members of the public requesting to be heard on an item not set for public hearing on the Regular Meeting agenda shall each submit a speaker card prior to General Public Comment, clearly identifying themselves by name for the record. The process shall give preference to those speaking on agenda items and permit the Chair to know the number of speakers in advance. Each person will be recognized by name to approach and given three minutes to speak.

C. Council members should refrain from engaging a speaker in dialogue during General Public Comment.

D. During public hearings, individual members of the public, provided they are present in the audience, may designate a representative spokesperson to speak on their behalf at that public hearing and thereby relinquish their time to that spokesperson. Thereafter, they may not be heard on the agenda item for which designation was made. Such designation shall be made by signing a speaker waiver form. The representative spokesperson shall be allowed to speak for one (1) minute for each such designation up to a maximum of ten (10) minutes.

E. Persons requesting to use electronic media for public hearings before City Council are required to provide the electronic media to the City of Tampa's Digital Media Production (CTTV) at least forty-eight (48) hours prior to broadcast. Such material must comply with established time limits and comply with these rules of procedure. Submissions are not permitted for use at General Public Comment.

F. Speakers shall refrain from disruptive behavior, including making vulgar or threatening remarks, and shall refrain from making personal attacks against any city official, city staff member, or member of the public. Comments shall be directed to the Council as a body and not to individual Council members.

G. No one present during a Council meeting shall engage in disruptive behavior, including intentionally making or causing to be made any disruptive sound or noise, or displaying signs or graphics in a manner disruptive to the proceedings.

H. The Chair shall rule out of order any member of the public who shall speak without being recognized or who shall not address Council from the podium or other established speaker area. No person shall approach the dais of the City Council during meetings except Council members and employees of the City, unless invited by a member of Council.

I. All persons shall at all times conduct themselves in accordance with Council rules. Persons failing to do so shall be ruled out of order and may be directed at the discretion of the Chair to be removed from the Council Chamber. Such person shall not thereafter be readmitted to the Council Chamber or City Hall during the remainder of that day's meeting.

J. No weapons or objects that may be used as weapons shall be allowed in the Council Chambers. Persons, bags, packages and parcels entering Council Chambers are subject to search.

K. The public may participate in-person and by virtual participation utilizing communications media technology ("CMT") as defined by Florida statutes and rules as may be amended. Pre-registration is required. Instructions for participating virtually are available at tampa.gov/city-council and in the Notice of Public Meeting posted by the City Clerk and in the meeting agenda. Persons needing assistance should contact the Office of the City Clerk. Participants appearing virtually assume the risk of any technology issues that may be related to the incompatibility or failure of their equipment which prevents them from being seen or heard or to see or hear others.

## RULE 6: QUASI-JUDICIAL HEARINGS

A. Presentations by petitioners (and their agents and representatives) in quasi-judicial hearings (other than City Council Consideration of a Recommended Order) shall be limited to a total of twenty (20) minutes, comprised of fifteen (15) minutes for the initial presentation and five (5) minutes for rebuttal. If a petitioner seeking review does not hold an interest in the subject property, then the holder of that property interest shall be afforded equal time to make a presentation. If a quasi-judicial public hearing is continued, speakers at the continued public hearing are limited to the issue that is the subject of the continuance, with the petitioner also allotted five (5) minutes for rebuttal.

B. Requests for additional time may only be granted if the participant making the request establishes to the satisfaction of Council that additional time is necessary to afford procedural due process. Council members shall, by majority vote, grant or deny the request and determine the additional time necessary, if any. In the event that a participant in a quasi-judicial public hearing is given additional time to make a presentation, then the Petitioner may request additional time for purposes of rebuttal as necessary to afford procedural due process.

C. If, at a quasi-judicial public hearing, only four (4) members of City Council are available to take action, then any Petitioner shall have the right to continue the matter until there are a minimum of five (5) members. If there is less than a full City Council, then a Petitioner may request to continue a matter, but it will not be as a matter of right.

D. Prior to taking official action on a quasi-judicial matter, all written communication relating to the scheduled public hearings which have been made available for public inspection in City Council's office shall be received into the record.

E. All persons appearing before the City Council during a quasi-judicial hearing shall first declare that the statements or evidence presented is truthful by taking an oath or affirmation. The oath or affirmation shall be administered by the City Clerk, the Deputy City Clerk, or a notary public of the state designated by the City Clerk. All persons giving testimony shall acknowledge in writing on the form provided that they are testifying under oath or affirmation.

F. Petitioners designating an agent to represent them before City Council shall do so in a written form provided. Agents not licensed as attorneys shall affirm that they do not render legal advice in the course of their representation.

G. All persons who provide testimony, information or opinion regarding a petition in a quasi-judicial matter pending before City Council must disclose any direct or indirect business or personal interest between themselves and the petitioner or applicant which is requesting action. The information shall not be used to deny the petition or matter, but goes to the weight of the evidence, information or opinion provided.

H. If a motion in a quasi-judicial matter fails to receive at least four votes, the motion fails, and if another motion in order is not made, the public hearing shall be automatically reopened and continued to a time certain at the next regularly scheduled Council meeting.

I. Quasi-judicial matters are not subject to reconsideration except as provided by city code.

J. Continuances of quasi-judicial matters may only be granted by City Council at a properly noticed public hearing. A mis-noticed hearing cannot be continued and must be rescheduled.

(1) A first request for a continuance by the Applicant/Petitioner or their authorized representative shall be automatically granted by City Council if the following criteria are satisfied:

a. The request is made in writing to the Chair and City Council with copies to the City Clerk and appropriate City staff and attorneys; and
b. The written request is received no later than seven (7) calendar days prior to the scheduled hearing to permit the City Clerk to note the request on the draft agenda; and
c. The continuance is for no longer than ninety (90) days unless the Applicant/Petitioner agrees to re-notice the public hearing; and
d. Any requested future date and time is subject to a determination of scheduling availability from City staff.

(2) If the criteria as stated above for granting a first continuance are satisfied, the request shall be granted at the meeting at which the public hearing is scheduled, and the date, time and location of the continued public hearing will be announced. If the criteria above are not satisfied, and with all subsequent requests for continuances, the Applicant/Petitioner should be prepared for City Council to consider and act upon the item before it. City Council may deem the application or petition withdrawn if a matter is properly set to be heard and a continuance is requested after having been continued on two (2) previous occasions.

(3) No request for a continuance by the Applicant/Petitioner shall be granted at a quasi-judicial public hearing after the Applicant/Petitioner has completed its initial presentation unless upon determination by City Council that it is necessary for purposes of procedural due process.

K. Quasi-judicial hearings allow virtual participation utilizing communications media technology ("CMT") as defined by Florida Statutes and Rules as may be amended. Pre-registration is required. Instructions for participating virtually are available at tampa.gov/city-council and in the Notice of Public Meeting posted by the City Clerk and in the meeting agenda. Persons needing assistance should contact the Office of the City Clerk. Participants appearing virtually assume the risk of any technology issues that may be related to the incompatibility or failure of their equipment which prevents them from being seen and heard or to see and hear others. If, during the course of the hearing, an applicant or property owner determines that the use of CMT presents an issue that may impact their due process rights, it is incumbent on them to raise an objection during the hearing. Should they fail to do so, any such claim is waived.

## RULE 7. GENERAL POLICIES

A. All petitions, communications, staff reports, resolutions, ordinances, and other matters intended for the consideration of the City Council shall be filed with the Office of the City Clerk on or before 2:00 p.m. on the Thursday prior to the meeting of the City Council. The City Clerk in turn shall assign such petitions, communications, resolutions, ordinances and other matters to the most appropriate placement within the agenda, taking into consideration the request made at the time of placement on the agenda. Ordinances and resolutions related to fees are to be placed under Staff Reports,

B. An item may be placed on a future agenda by majority vote of City Council.

C. Council members wanting to remove items for discussion from the Committee Reports / Consent Agenda and heard separately are encouraged to inform members of Council, the Clerk and the Chief of Staff of their intent by memoranda or e-mail a day or more in advance of the meeting, clearly stating the subject and item number, and whether they wish staff to be present at that time.

D. Council members should clear an available date on the calendar before making a motion for an item to be placed on a future agenda. Each district office is responsible for confirming availability of space on the calendar before a motion is made.

E. Motions must be clearly stated and preferably given in writing to the Clerk. District offices are responsible for reviewing the minutes for the accuracy and clarity of the motion. City staff is encouraged to contact the Council member's office before preparing a response if the motion is unclear.

F. Staff shall not combine multiple motions into a single presentation without prior City Council approval.

G. Council should avoid any discussion of matters at a public meeting where the city is, or is likely to be, a party in litigation, without concurrence of counsel.

H. All ordinances and resolutions, except ordinances making appropriations, shall be confined to one subject and matter properly connected therewith, which subject shall be briefly expressed in the title. Ordinances and resolutions making appropriations shall be confined to the subject of appropriations.

I. All resolutions must be in writing, and all motions duly adopted by a majority of the members of the Council and recorded upon the minutes of the meeting shall have the same force and effect as resolutions.

J. No resolution of City Council shall be unrelated to City business.

K. The action of receiving and filing documents by the City Council shall not in any way be construed to constitute concurrence with or endorsement by City Council of the matter being received and filed.

L. The City Clerk shall maintain a pending calendar which shall be made available to the City Council.

M. In the event of remodeling, renovation, improvement or other construction work, or if the size of the anticipated audience shall make it impossible or impractical to meet in the Council Chambers, or of a majority of Council otherwise deems it appropriate, the Chair may designate another meeting place in the City of Tampa.

N. A motion for City Council to initiate the process of an honorary naming of a City-owned property shall commence with an application completed pursuant to City Code Sec. 2-829, attached to a memorandum by the sponsoring Council member detailing the justification as to why the particular City asset should be named specifically for the person cited. Letters of recommendation, including those from neighborhood, civic, or business associations, or charitable organizations, should accompany the submission. The memorandum, application, and letter packet shall be distributed to City Council no less than two weeks prior to a motion to consider the matter on an agenda at a future date.

**RULE 8. FILLING VACANCIES TO VARIOUS BOARDS**

A. Current and upcoming board vacancies should be noted on each agenda so City Council members and district offices can seek candidates for appointment.

B. The City Clerk shall be responsible for advertising positions to be appointed by City Council, in accordance with established procedures consistent with these rules.

C. All eligible appointees seeking reappointment shall be required to submit a new application by the deadline for consideration.

D. The City Clerk shall present each board separately to City Council, with the applications received and a simple, short summary of the action requested.

E. At the date set for the vote, applicants may address City Council for three minutes each. Members of City Council may address questions to the applicants present.

F. If, in City Council's discretion, an insufficient number of applications are received, City Council may defer consideration and extend the deadline.

G. City Council shall, by motion and vote, affirm the decision and direct that a written resolution be presented, ratifying and memorializing the appointment. The resolution shall set forth the dates denoting the beginning and end of the term of the appointment. The effective date of City Council's decision shall be the date upon which the ballot was taken.

H. The City Clerk shall, as necessary, apprise the City Council of other action required to be taken for the proper maintenance of the various boards, such as the acceptance of resignations and removal for lack of attendance or other reasons. The City Council requests a resignation of a board member be tendered with at least thirty days notice to allow for a more orderly transition.

**RULE 9. AMENDMENTS**

A. These Rules of Procedure may be amended by a majority vote of the entire Council at any regular meeting of the Council after having been read at two consecutive regular Council meetings.

B. Any of the foregoing rules may be temporarily suspended for the meeting then in session by a supermajority vote of five (5) or more members of Council, unless such waiver is in conflict with the City Charter or state or local law.