UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WARREN SAPP,
Plaintiff,
v. Case No.: 8:26-cv-02876-TPB-CPT

CITY OF TAMPA,
Defendant.
_______________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Warren Sapp, through undersigned counsel, opposes Defendant City of Tampa's Motion to Dismiss (Doc. 6) and states:

## INTRODUCTION

The City seeks dismissal by treating its own description of Mr. Sapp's conduct as an established fact. Its motion repeatedly calls the incident a "disturbance," then assumes that characterization conclusively justified locking the Council chambers, summoning law enforcement, and excluding Plaintiff from City Hall. But the City cannot transform a disputed justification into an established fact merely by repeating it in a motion to dismiss. The Complaint alleges that Plaintiff entered City Hall for a lawful purpose, sought governmental paperwork, and was subjected to an extraordinary official response culminating in his exclusion from the building. Whether that response was justified by actual misconduct or motivated by impermissible retaliation cannot be decided by accepting the City's preferred version of events. At the pleading stage,

reasonable inferences belong to Plaintiff, not to the government officials whose conduct he challenges.

The City also invokes its Council Rules of Procedure to defend the exclusion while denying that an official municipal decision could support liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Its own exhibit delegates removal authority to the Council Chair and identifies a mechanism for Council review. Those provisions make the allocation and exercise of municipal authority directly relevant; they do not eliminate the constitutional question. A municipality cannot avoid scrutiny simply because the officials involved possessed authority to regulate public meetings. That authority must still be exercised consistently with the First Amendment. The Motion should be denied.

## **I. THE CITY IMPROPERLY RESOLVES FACTUAL DISPUTES AGAINST PLAINTIFF.**

Under Rule 12(b)(6), well-pleaded facts are accepted as true and reasonable inferences drawn for Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The City nevertheless insists that the only reasonable explanation for the Council's response is that Plaintiff actually disrupted its proceedings. That is an argument about what occurred, not a fact established by the Complaint. The City's description of Plaintiff as disruptive is especially consequential because it supplies the asserted justification for the very exclusion being challenged. The Court cannot resolve that disputed premise in Defendant's favor without

improperly converting a pleading motion into a determination of contested facts. Nor does the City establish that its asserted justification was the actual motivation for the officials' actions merely by citing rules authorizing removal of disruptive individuals.

The motion also invokes the obsolete "no set of facts" formulation from *Conley v. Gibson*, 355 U.S. 41 (1957), although *Twombly*, 550 U.S. at 562–63, expressly retired that formulation. The governing inquiry is plausibility, not whether the City has offered an innocent explanation for its conduct. Plaintiff alleges a specific incident, identifiable governmental decisionmakers, and an official exclusion enforced through municipal authority. The City is entitled to contest the allegations through appropriate proceedings, but it is not entitled to have its factual defenses accepted as true at this stage.

## II. FIRST AMENDMENT RETALIATION IS NOT DEFEATED BY THE ABSENCE OF AN ARREST OR BY THE CITY'S LABELS.

A private citizen states a First Amendment retaliation claim by alleging protected activity, adverse governmental action that would deter a person of ordinary firmness, and a causal connection. *Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005). The City emphasizes that Plaintiff was not arrested and was excluded only for the remainder of the day. Neither circumstance categorically defeats a retaliation claim. An official exclusion from City Hall, enforced through law enforcement following the interruption of a public meeting, is not necessarily trivial merely because it was temporary. The ordinary-firmness standard does not require arrest or prosecution. The City's

argument improperly substitutes the severity of the ultimate sanction for the governing constitutional inquiry.

The Supreme Court has addressed the constitutional danger posed by retaliatory municipal action against a citizen participating in local government in *Lozman v. City of Riviera Beach*, 585 U.S. 87 (2018). That decision does not relieve Plaintiff of alleging protected activity and retaliatory causation, but it squarely rejects the notion that municipal retaliation becomes constitutionally harmless simply because officials invoke governmental authority.
Likewise, *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277 (11th Cir. 2019), recognizes First Amendment protections implicated by petitioning activity, including public-records requests. The City's reliance on Chapter 119, Florida Statutes, does not establish that petitioning government for information can never implicate the First Amendment. Although a statutory right to records is distinct from a federal constitutional claim, the existence of the statute does not foreclose a retaliation claim based on independently protected activity. The relevant question is whether Plaintiff engaged in protected expression or petitioning and whether that activity motivated the challenged exclusion, not whether the City can characterize the incident as a records request or an alleged disturbance.

## **III. THE CITY'S OWN RULES MAKE MUNICIPAL DECISION-MAKING A CENTRAL ISSUE.**

Municipal liability under § 1983 requires action attributable to municipal policy, custom, or an official with final policymaking authority; respondeat

superior alone is insufficient. *Monell*, 436 U.S. at 690–94. A single decision can constitute municipal policy when made by an official possessing final policymaking authority for the particular action. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–83 (1986). Identifying that authority requires examination of state and local law, including whether a decision is subject to meaningful review. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123–27 (1988); *McMillian v. Monroe County*, 520 U.S. 781, 785–86 (1997). The City's insistence that Plaintiff must identify a widespread custom therefore overlooks a separate and well-established route to municipal liability: a decision attributable to an official final policymaker.

The City attached rules that authorize the Chair, in specified circumstances, to direct removal from Council chambers and bar readmission to City Hall during the remainder of that day's meeting. Rule 5(I). Rule 4(I), in turn, makes procedural rulings subject to reversal by a majority of the Council. These provisions establish that the challenged type of action is governed by formal municipal authority and require a careful examination of who possessed final decision-making power over Plaintiff's exclusion. The Complaint alleges action by the Council and its Chair, followed by municipal enforcement. Those allegations cannot be dismissed as a theory of respondeat superior merely because the City disputes whether the ultimate decision was attributable to a final policymaker. The governing legal structure and the precise decision challenged must be examined rather than assumed away.

Nor does the facial legitimacy of a decorum rule establish that every application of the rule is constitutional. A rule allowing officials to address actual

disruption does not authorize retaliation against protected speech or petitioning. The City's motion repeatedly conflates those propositions. Plaintiff does not claim an unlimited constitutional entitlement to enter restricted offices or interfere with governmental proceedings. He challenges the alleged retaliatory exercise of governmental authority. The City's right to maintain order and Plaintiff's right to be free from unconstitutional retaliation are not mutually exclusive principles. The existence of the former does not extinguish the latter.

## IV. THE CITY'S ALTERNATIVE REQUEST FOR A MORE DEFINITE STATEMENT IS UNWARRANTED.

Rule 12(e) addresses pleadings so vague or ambiguous that a defendant cannot reasonably prepare a response. The City has filed a detailed motion identifying the incident, the municipal actors, the challenged exclusion, and the asserted constitutional theory. Its extensive discussion of the Complaint demonstrates that the City understands the claim it must defend. A more definite statement is not a mechanism for requiring Plaintiff to produce evidence or resolve disputed facts before discovery. The Eleventh Circuit's discussion of pleading clarity in *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323–26 (11th Cir. 2015), does not support treating every disputed element of a single-count civil-rights complaint as a basis for Rule 12(e) relief.

The City's argument that the Complaint lacks the precise content of protected expression and facts establishing retaliatory causation presents a pleading issue, but that issue does not justify the City's requested merits findings about disruption, justification, or municipal authority. Plaintiff opposes the

City's attempt to obtain dismissal through factual assumptions that favor the defense. Any determination concerning the sufficiency of the allegations must apply the governing pleading standard without crediting the City's disputed account as established fact.

## V. CONCLUSION

The City's motion asks the Court to treat disputed characterizations as facts, convert a facially lawful decorum rule into a complete defense to retaliation, and disregard the municipal decision-making provisions on which the City itself relies. Those arguments do not establish that Plaintiff's constitutional claim fails as a matter of law. The First Amendment does not permit municipal officials to insulate allegedly retaliatory conduct from scrutiny merely by invoking their authority to maintain order. The City remains free to prove that its actions were justified and constitutionally permissible, but it cannot obtain that determination simply by asserting its version of the incident in a motion to dismiss.

**WHEREFORE**, Plaintiff Warren Sapp respectfully requests that this Court **DENY** Defendant City of Tampa's Motion to Dismiss (Doc. 6), deny Defendant's alternative request for a more definite statement, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
SABATINI LAW FIRM, P.A.

1601 E. 1ST AVENUE
MOUNT DORA, FL 32757
T: (352)-455-2928
anthony@sabatinilegal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 21st, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will transmit notice to all counsel of record.

*/s/ Anthony F. Sabatini*
**ANTHONY F. SABATINI**