**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WARREN SAPP,

Plaintiff,

v. Case No. 8:26-cv-2876-TPB-CPT

CITY OF TAMPA,

Defendant.
_________________________________/

**ORDER GRANTING IN PART "DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW"**

This matter is before the Court on Defendant City of Tampa's "Motion to Dismiss and Memorandum of Law," filed on October 16, 2026. (Doc. 6). Plaintiff Warren Sapp filed a response in opposition. (Doc. 7). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**[1]

On September 17, 2026, Plaintiff entered Tampa City Hall while the City Council was holding a public meeting. According to the complaint, Plaintiff went into an office near the Council chambers to obtain paperwork. What happened next prompted this lawsuit.

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

During the meeting, City Council Chair Alan Clendenin interrupted the proceedings and directed that the doors to the Council chambers be locked. City officials subsequently declared Plaintiff "out of order," accused him of creating a disturbance, and requested police assistance. Tampa Police officers responded and directed Plaintiff to leave City Hall. He was barred from returning for the remainder of the day but was not arrested.

Plaintiff sued the City under 42 U.S.C. § 1983, alleging that his removal from City Hall was retaliation for exercising his First Amendment rights. The City moves to dismiss, arguing that Plaintiff has not adequately alleged protected First Amendment activity or a basis for holding the City liable.

**<u>Legal Standard</u>**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the

[c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

**Analysis**

The First Amendment protects the right to speak freely and petition the government. It also prohibits government officials from retaliating against individuals for exercising those rights. To state a First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in constitutionally protected activity, (2) the government took action that would deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the government's action was motivated by the plaintiff's protected activity. *Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).

The City argues that Plaintiff has failed to state a First Amendment retaliation claim because he does not adequately allege that he engaged in protected speech or that the City's actions were motivated by such activity. The City also argues that Plaintiff has not identified an unconstitutional municipal policy or custom sufficient to establish liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). In response, Plaintiff contends that the City improperly assumes in its motion that Plaintiff caused a disturbance and argues that his exclusion from City

Hall was an official municipal action that may constitute unconstitutional retaliation.

Plaintiff's complaint falls short in two respects. First, it does not adequately identify the constitutionally protected activity he was allegedly engaged in. The complaint describes the City's response in considerable detail. It alleges that the Council meeting was interrupted, the chamber doors were locked, police officers were summoned, and Plaintiff was ordered to leave. But it says remarkably little about what Plaintiff himself was doing before those events unfolded.

For example, the complaint alleges that Plaintiff entered City Hall to obtain "paperwork." But is generally seeking "paperwork" protected by the First Amendment? The complaint does not provide enough information to answer that question. Plaintiff does not identify what paperwork he sought or from whom. Nor does he explain whether he was requesting public records, petitioning a government official, or communicating about some other matter. The complaint also fails to identify any statements or other conduct that would explain how Plaintiff was exercising his First Amendment rights. Instead, the complaint repeatedly describes Plaintiff's activities in conclusory fashion as "expressive conduct," "anticipated expression," and "petitioning" the government. Those descriptions may sound constitutional, but they are legal characterizations rather than facts. Merely labeling conduct as protected by the First Amendment does not make it so. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Second, even assuming Plaintiff was engaged in protected activity, the complaint does not adequately allege that the City retaliated against him because of

that activity. To establish retaliation, it is not enough to allege that government officials took action against someone who happened to be exercising a constitutional right. The action must have been motivated by that protected activity. *See Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011) (explaining that to establish causation, the defendant must have been subjectively motivated to take adverse action because of protected speech). Yet the complaint does not explain what City officials knew about Plaintiff's purported First Amendment activity or identify facts suggesting that they excluded him because of it. Instead, Plaintiff principally relies on the fact that the City's response followed his arrival at City Hall. But his arrival, standing alone, does not establish that he was engaged in protected activity. Although temporal proximity may be relevant, without more factual detail, the sequence of events alleged here does not plausibly establish retaliation.

In his response, Plaintiff argues that the City's motion improperly assumes he caused a disturbance. On that point, Plaintiff is correct. At this stage, the Court cannot simply accept the City's characterization of Plaintiff's conduct as disruptive. And the City's authority to maintain order during public meetings does not give it unlimited authority to punish protected speech.

But the Court need not decide whether Plaintiff actually caused a disturbance to resolve this motion. The question before the Court is whether Plaintiff has alleged enough facts to support a plausible First Amendment retaliation claim. He has not. Even accepting Plaintiff's factual allegations as true, the complaint does not adequately identify the protected activity at issue or explain

why the City's response was motivated by that activity. The motion to dismiss is therefore granted for failure to state a claim.

Because the complaint fails to adequately allege an underlying constitutional violation, the Court need not address the parties' remaining arguments concerning municipal liability under *Monell*. The City may renew those arguments, if appropriate, in response to an amended complaint. Plaintiff will be given an opportunity to amend his complaint to address these deficiencies.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. Defendant City of Tampa's "Motion to Dismiss and Memorandum of Law" (Doc. 6) is **GRANTED IN PART,** as set forth herein.
2. The motion is otherwise **DENIED WITHOUT PREJUDICE.**
3. Plaintiff Warren Sapp's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.
4. Plaintiff may file an amended complaint on or before November 12, 2026. Failure to file an amended complaint by that date will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, on this 29th day of October, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE