UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WARREN SAPP,
Plaintiff,
v. Case No. 8:26-cv-02876-TPB-CPT

CITY OF TAMPA, FLORIDA,
Defendant.
_______________________________/

**AMENDED COMPLAINT**

Plaintiff, WARREN SAPP, by and through undersigned counsel, files this Amended Complaint against Defendant, CITY OF TAMPA, FLORIDA, pursuant to 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments to the United States Constitution, and alleges as follows:

**INTRODUCTION**

1. This civil-rights action arises from the City of Tampa's unlawful exclusion of Plaintiff Warren Sapp from Tampa City Hall on September 17, 2026, while he was preparing to exercise his First Amendment right to address the Tampa City Council concerning matters of public concern, including controversial road closures affecting Bern's Steak House and the Council's Rules of Decorum.
2. Plaintiff attended the public meeting intending to express his opinions, criticize governmental decisions, and petition the Council concerning those matters. Before speaking, Plaintiff requested a copy of the Council's Rules of Decorum and followed an employee's instructions to retrieve those rules from an adjacent room.

3. While Plaintiff was in that room, City Council Chairman Alan Clendenin approached him. The two engaged in a verbal exchange during which Plaintiff did not recognize Clendenin as the Council Chairman. Clendenin responded with visible disgust. Before directing Plaintiff's exclusion, Clendenin was informed that Plaintiff was seeking the Rules of Decorum to participate in public comment.
4. Plaintiff alleges that Clendenin took offense at Plaintiff's criticism and, within minutes of their encounter, directed that Plaintiff be removed from City Hall. Immediately before the exclusion, Plaintiff was sitting peaceably, speaking at a low volume, and was not interrupting a speaker, obstructing access, or interfering with the Council's proceedings.
5. Nevertheless, acting at Clendenin's direction, City officials excluded Plaintiff from all of City Hall for the remainder of the day. That exclusion prevented Plaintiff from returning to the Council chambers and delivering his intended public comments.
6. The First Amendment does not permit public officials to use governmental authority to punish criticism, suppress disfavored expression, or exclude citizens from public-comment proceedings based on personal offense or disagreement with their viewpoints. Nor may a municipality transform peaceful conduct into a purported disturbance to justify unconstitutional restrictions on speech.
7. Plaintiff brings two distinct claims: unlawful restriction of speech and petitioning, and First Amendment retaliation. The former concerns the City's

interference with Plaintiff's opportunity to address his government; the latter concerns the City's adverse action allegedly taken because of Plaintiff's protected expression.

## PARTIES

8. Plaintiff WARREN SAPP is a natural person and citizen of the United States entitled to the protections secured by the First and Fourteenth Amendments.
9. Plaintiff is a former professional football player who played for the Tampa Bay Buccaneers and remains a prominent member of the Tampa Bay community.
10. Defendant CITY OF TAMPA, FLORIDA, is a municipal corporation organized under Florida law and located in Hillsborough County, Florida.
11. At all relevant times, the City acted through its City Council, Council officers, municipal employees, and Tampa Police Department personnel exercising authority under color of state law.

## JURISDICTION AND VENUE

12. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.
13. This Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
14. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.
15. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because Defendant is located within this District and the events giving rise to this action occurred in Tampa, Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

**A. Plaintiff's Intended Speech and Petitioning Activity**

16. On September 17, 2026, the Tampa City Council conducted a public meeting at Tampa City Hall.

17. The City permits members of the public to attend Council meetings and participate in designated public-comment periods, subject to applicable procedural requirements.

18. Plaintiff attended the September 17, 2026 meeting intending to speak during public comment concerning road closures within Tampa, specifically controversial road closures affecting Bern's Steak House.

19. Plaintiff intended to express his opinions regarding those closures, question the City's decisions, and request that the Council address the resulting concerns.

20. Plaintiff also intended to address the City Council's Rules of Decorum and the procedures governing public participation.

21. Plaintiff's anticipated comments concerned municipal policy, governmental decision-making, and the rules governing citizens' ability to address their elected representatives.

22. Those subjects constituted matters of public concern and fell within the scope of governmental issues appropriate for consideration during public comment, subject to the City's lawful procedural requirements.

23. Plaintiff intended to exercise his First Amendment rights to express criticism of governmental action and petition his local government for redress.

**B. Plaintiff's Request for the Rules of Decorum**

24. Before speaking, Plaintiff asked a City employee for a copy of the Council's Rules of Decorum.

25. Plaintiff sought the rules to review the procedures governing his intended public comments and participation in the meeting.

26. The employee informed Plaintiff that hard copies of the rules were available in an adjacent room.

27. The employee directed Plaintiff to that room to obtain the requested rules.

28. Plaintiff followed those instructions and entered the adjacent room for the specific purpose of obtaining the Rules of Decorum.

29. Plaintiff's presence in the room was authorized by the instructions provided to him and directly related to his intended participation in the public meeting.

30. Plaintiff did not enter the room to interfere with Council proceedings, obstruct governmental business, or create a disturbance.

**C. Plaintiff's Encounter with Chairman Alan Clendenin**

31. While Plaintiff was in the adjacent room, City Council Chairman Alan Clendenin approached him.

32. Plaintiff and Clendenin engaged in a verbal exchange.

33. During that exchange, Plaintiff did not recognize Clendenin as the City Council Chairman.

34. Plaintiff consequently did not address Clendenin by his governmental title.

35. Clendenin responded to the interaction with visible disgust.

36. Before directing Plaintiff's exclusion, Clendenin was expressly informed that Plaintiff was seeking the Rules of Decorum for the purpose of participating in public comment at the City Council meeting.
37. Clendenin therefore knew, before the removal decision, that Plaintiff was attempting to obtain the rules governing public participation and intended to address the Council.
38. During the verbal exchange, Plaintiff criticized Chairman Clendenin by stating, in substance, that Clendenin "was a joke."
39. Clendenin responded to Plaintiff's criticism with visible displeasure.
40. Within minutes of Plaintiff's criticism, Clendenin directed Plaintiff's exclusion from City Hall.
41. Immediately before the exclusion, Plaintiff was sitting peaceably, speaking at a low volume, and was not interfering with the City Council's proceedings.
42. Plaintiff alleges that Clendenin directed his removal because of Plaintiff's criticism, rather than any actual disruption of governmental business.
43. Plaintiff would not have been excluded from City Hall but for his criticism of Clendenin.
44. The close temporal connection between Plaintiff's criticism, Clendenin's visible reaction, and the subsequent exclusion supports Plaintiff's allegation that the adverse governmental action was retaliatory.

**D. Plaintiff's Peaceful Conduct and the City's Exclusion**

45. Immediately before his exclusion, Plaintiff was sitting peaceably.
46. Plaintiff was speaking at a low volume.

47. Plaintiff was not interrupting a speaker addressing the Council.
48. Plaintiff was not preventing Council business from proceeding.
49. Plaintiff was not obstructing access to the Council chambers or interfering with the orderly operation of the public meeting.
50. Plaintiff remained in the adjacent room where he had been instructed to obtain the Rules of Decorum.
51. Notwithstanding Plaintiff's peaceful conduct, City officials characterized him as disruptive and determined that he was out of order.
52. Chairman Clendenin directed that Plaintiff be excluded from City Hall.
53. City officials requested assistance from the Tampa Police Department to carry out that exclusion.
54. Tampa Police officers responded and directed Plaintiff to leave City Hall.
55. The City's public account stated that Plaintiff initially refused to leave.
56. Plaintiff was not arrested.
57. Nevertheless, at Clendenin's direction, officials excluded Plaintiff from all of City Hall for the remainder of the day.
58. The exclusion prevented Plaintiff from returning to the Council chambers, attending the remainder of the public meeting, and delivering his intended comments concerning road closures affecting Bern's Steak House and the Council's Rules of Decorum.
59. The exclusion was enforced through municipal authority and law enforcement personnel acting under color of state law.

**E. The Constitutional Injuries and Retaliatory Motivation**

60. Plaintiff was attempting to participate in a public governmental proceeding concerning matters of municipal concern.
61. Plaintiff sought the City's Rules of Decorum to prepare for that participation and followed an employee's directions concerning where to obtain them.
62. Clendenin knew Plaintiff's purpose before directing his removal.
63. Plaintiff criticized Clendenin during their encounter, and Clendenin responded with visible disgust.
64. Within minutes, Clendenin directed Plaintiff's exclusion from City Hall.
65. Plaintiff was sitting peaceably, speaking at a low volume, and not interfering with the Council's proceedings immediately before the exclusion.
66. Plaintiff alleges that the stated justification of disorderly conduct was pretextual and that the actual motivation for the exclusion was Plaintiff's criticism of Clendenin.
67. Plaintiff alleges that the exclusion would not have occurred but for that criticism.
68. The exclusion deprived Plaintiff of the opportunity to address the Council during the September 17, 2026 public meeting.
69. The use of law enforcement to remove and exclude Plaintiff from City Hall would deter a person of ordinary firmness from engaging in protected speech and petitioning activity.

70. Plaintiff suffered the loss of his opportunity to participate in the public meeting, humiliation, embarrassment, public scrutiny, inconvenience, and other resulting injuries.

**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

71. Plaintiff realleges paragraphs 1 through 69 as though fully set forth herein.

72. The challenged exclusion was undertaken through the City of Tampa's official governmental decision-making structure.

73. Plaintiff does not seek to impose municipal liability merely because the individuals involved were City employees.

74. The Tampa City Council has adopted Rules of Procedure governing public participation, decorum, and the authority of the Council Chair during public meetings.

75. Those rules authorize the Council Chair, under specified circumstances, to rule individuals out of order and direct their removal from Council chambers and City Hall.

76. The rules also provide a mechanism for Council review of certain procedural rulings made by the Chair.

77. Chairman Clendenin exercised official governmental authority when he directed Plaintiff's exclusion from City Hall.

78. The challenged decision concerned the conduct of a public City Council meeting and access to City Hall during that meeting.

79. The City's public account attributed the determination that Plaintiff was out of order and the request for his exclusion to the City Council.

80. City personnel and Tampa Police officers implemented the exclusion through official municipal authority.

81. Plaintiff alleges that the challenged action was an official municipal decision rather than an independent discretionary act by an individual police officer.

82. Plaintiff further alleges that the decision to exclude him was undertaken through the City's governmental structure and pursuant to authority governing public participation and removal from Council proceedings.

83. A municipality may be liable under 42 U.S.C. § 1983 when a constitutional violation results from an official municipal policy or a decision attributable to an official possessing final policymaking authority over the subject matter. *Monell v. Department of Social Services*, 436 U.S. 658, 690–94 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–83 (1986).

84. Plaintiff alleges that the exclusion was attributable to the City through its official decision-making process, including the actions of the Council and its Chair in exercising municipal authority over the meeting.

85. Plaintiff alleges that Chairman Clendenin, acting on behalf of the Tampa City Council and the City of Tampa, possessed final policymaking authority concerning the decision to remove Plaintiff from the meeting and exclude him from City Hall. Plaintiff further alleges that Clendenin exercised that authority when directing Plaintiff's removal and that the City Council approved the exclusion, rendering the challenged decision attributable to the City itself rather than merely an independent act of a subordinate official.

86. Plaintiff seeks to hold the City liable for the constitutional consequences of that official municipal action rather than solely for the independent conduct of subordinate personnel.

**<u>COUNT I – UNLAWFUL RESTRICTION OF SPEECH AND PETITIONING</u>**
**<u>Violation of the First Amendment – 42 U.S.C. § 1983</u>**

87. Plaintiff realleges paragraphs 1 through 84 as though fully set forth herein.
88. The First Amendment, applicable to Defendant through the Fourteenth Amendment, protects freedom of speech and the right to petition government for redress of grievances.
89. Plaintiff intended to participate in the September 17, 2026 City Council meeting and address controversial road closures affecting Bern's Steak House and the Council's Rules of Decorum.
90. Plaintiff's intended remarks concerned municipal decisions, public affairs, and the procedures governing citizen participation in local government.
91. Plaintiff sought the Rules of Decorum and followed an employee's instructions to obtain them from an adjacent room before speaking.
92. Plaintiff was excluded from City Hall before he could deliver his intended comments.
93. The exclusion prevented Plaintiff from returning to the Council chambers and exercising his opportunity to address the Council during that meeting.
94. A governmental meeting opened for public comment concerning municipal business constitutes a limited public forum in which restrictions on speech

must be reasonable in light of the forum's purpose and viewpoint neutral. *McDonough v. Garcia*, 116 F.4th 1319 (11th Cir. 2024) (en banc).

95. Although the City possessed authority to maintain order during its proceedings, that authority did not permit unreasonable or viewpoint-discriminatory restrictions on constitutionally protected speech.

96. Plaintiff was sitting peaceably, speaking at a low volume, and was not interfering with the Council's proceedings immediately before his exclusion.

97. Plaintiff had followed an employee's instructions to obtain the rules governing his intended participation.

98. Plaintiff alleges that the exclusion was imposed because Clendenin took offense at Plaintiff's criticism rather than because Plaintiff actually interfered with the orderly conduct of the meeting.

99. The exclusion therefore constituted an unreasonable and unconstitutional restriction on Plaintiff's opportunity to engage in protected speech and petitioning.

100. The Eleventh Circuit has recognized that preventing an individual from delivering intended public comments may implicate a First Amendment speech-restriction claim distinct from a retaliation claim. *Huggins v. School District of Manatee County*, No. 22-13325 (11th Cir. Aug. 15, 2025).

101. The challenged exclusion was undertaken under color of state law and through official municipal authority.

102. As a direct and proximate result, Plaintiff suffered the loss of his opportunity to address the Council, together with the additional injuries alleged herein.

103. Plaintiff seeks compensatory damages to the extent proven, nominal damages for any established constitutional violation, and other relief authorized by law.

**COUNT II – FIRST AMENDMENT RETALIATION**
**Violation of the First Amendment – 42 U.S.C. § 1983**

104. Plaintiff realleges paragraphs 1 through 84 as though fully set forth herein.

105. The First Amendment prohibits governmental officials from taking adverse action against individuals because they engage in constitutionally protected speech or petitioning activity.

106. Plaintiff attended the September 17, 2026 City Council meeting intending to address matters of municipal concern, including controversial road closures affecting Bern's Steak House and the Council's Rules of Decorum.

107. Plaintiff sought the Rules of Decorum to prepare for public comment and followed an employee's directions to obtain them from an adjacent room.

108. Chairman Clendenin approached Plaintiff in that room, and the two engaged in a verbal exchange.

109. During that exchange, Plaintiff did not recognize Clendenin as the Council Chairman and expressed criticism of him.

110. Clendenin responded with visible disgust.

111. Before directing Plaintiff's exclusion, Clendenin knew that Plaintiff was seeking the Rules of Decorum for the purpose of participating in public comment because that purpose had been expressly communicated to him.

112. Within minutes of Plaintiff's criticism, Clendenin directed Plaintiff's removal from City Hall.

113. Immediately before the exclusion, Plaintiff was sitting peaceably, speaking at a low volume, and was not interfering with Council proceedings.

114. Plaintiff alleges that Clendenin's decision was motivated by Plaintiff's criticism rather than by an actual disruption of the meeting.

115. Plaintiff further alleges that the exclusion would not have occurred but for Plaintiff's criticism of Clendenin.

116. The adverse governmental actions included the official determination that Plaintiff was out of order, the request for law enforcement assistance, and Plaintiff's exclusion from City Hall for the remainder of the day.

117. Those actions would deter a person of ordinary firmness from exercising First Amendment rights.

118. A First Amendment retaliation claim requires constitutionally protected activity, adverse governmental action sufficient to deter a person of ordinary firmness, and a causal relationship between the protected activity and the adverse action. *Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).

119. Plaintiff alleges that his protected criticism was a but-for cause of the City's decision to exclude him.

120. The challenged conduct was undertaken under color of state law and implemented through the City's official governmental authority.

121. As a direct and proximate result, Plaintiff suffered the loss of his opportunity to participate in the public meeting, humiliation, embarrassment, public scrutiny, inconvenience, and other resulting injuries.

122. Plaintiff seeks compensatory damages to the extent proven, nominal damages for any established constitutional violation, and other relief authorized by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WARREN SAPP respectfully requests that this Court enter judgment in his favor and against Defendant CITY OF TAMPA, FLORIDA, and:

A. Declare that Defendant's conduct violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution;

B. Award compensatory damages in an amount to be determined by the jury;

C. Award nominal damages for any established deprivation of Plaintiff's constitutional rights;

D. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

E. Award prejudgment and postjudgment interest as permitted by law;

F. Grant appropriate declaratory, injunctive, and other equitable relief to the extent supported by the evidence and authorized by law; and

G. Award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**SABATINI LAW FIRM, P.A.**

*/s/ Anthony F. Sabatini*
**ANTHONY F. SABATINI, ESQ.**
Florida Bar No. 1018163
1601 E. 1st Avenue
Mount Dora, Florida 32757
Telephone: (352) 455-2928
Email: anthony@sabatinilegal.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will transmit notice of electronic filing to all counsel of record.

*/s/ Anthony F. Sabatini*
**ANTHONY F. SABATINI**